UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22CR267 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| JACOB TAYLOR, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Jacob Taylor's *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Part A of Amendment 821 to the Sentencing Guidelines. (Doc. 33.) The Federal Public Defender's Office filed a notice of no intent to supplement. (Doc. 34; *see* NDOH General Order No. 2023-20.) The government submitted no response to Taylor's motion.

**I.     Background**

On May 25, 2022, a federal grand jury returned a three-count indictment charging Taylor with two counts of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine, all violations of U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 1.) On November 14, 2022, he pleaded guilty. (Doc. 21.)

At sentencing, the Court determined that the total offense level was 27. (Doc. 23 at ¶ 24; Doc. 28 at 142.)[1] Taylor's criminal history included convictions for robbery, disorderly conduct, domestic violence, falsification, theft, improper handling of firearms in a motor vehicle, and drug

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

possession. (Doc. 23 at ¶¶ 27-33.) Each offense was assigned a single criminal history point, but only a maximum of four total points were assessed pursuant to U.S.S.G. § 4A1.1(c). (*Id*. at ¶ 34.) A criminal history score of four fell within Criminal History Category III. Two status points were added because the offense was committed while Taylor was serving a term of probation for the improper handling of firearms. (*Id*. at ¶ 35.) A criminal history score of six still fell within Criminal History Category III.

The advisory range for a total offense level of 27 and a Criminal History Category III was 87-108 months. (*Id*. at ¶ 63; Doc. 28 at 142.) After considering the Section 3553(a) sentencing factors, the Court imposed concurrent 87-month terms of incarceration on all counts, five years of supervised release, and a $300 special assessment. (Doc. 27.)

**II.     Analysis**

District courts are generally prohibited from modifying "a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," that sentence may be reduced if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the Section 3553(a) factors weigh in favor of a reduction. 18 U.S.C. § 3582(c)(2).

To comply with Section 3582(c)(2), the court must adhere to a two-step process. *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). First, the Court must determine whether the defendant is eligible for relief under the amendment. *Id*. at 827. Second, for those eligible defendants, the Court must consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

The Sentencing Commission's policy statements are set forth in Section 1B1.10 of the Guidelines Manual. "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range. . . ." U.S.S.G. § 1B1.10(a), at comment., n.1(A). Meaning, a reduction is neither permitted under Section 3582(c)(2) nor consistent with the policy statement if the amendment does now lower the guideline range.

Taylor is not eligible for a retroactive reduction based on status points. Taylor had four criminal history points at the time of sentencing. (Doc. 21 at 118.) Two additional points were added because he was subject to a criminal justice act sentence at the time of the charged offense conduct, which resulted in a total of six criminal history points. (*Id*.) While the status point amendment would reduce Taylor's total criminal history points by two, so from six to four, the applicable Criminal History Category remains unchanged. Criminal History Category III applies to criminal history point totals of four, five, or six. Thus, the guideline range remains 87-108 months.

Because the amendment does not lower Taylor's guideline range, Taylor is not eligible for relief under Part A of Amendment 821 of the Sentencing Guidelines.

### III.   Conclusion

For the reasons stated herein, Defendant Jacob Taylor's motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Part A of Amendment 821 to the Sentencing Guidelines is DENIED.

**IT IS SO ORDERED.**

Date: November 7, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE